# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN BEATY, | 1:09-cv-1684 LJO GSA |
| Plaintiff, | ORDER DENYING WITHOUT PREJUDICE THE PETITION FOR APPOINTMENT OF DAVID M. HADDEN. M.D. AS PUBLIC GUARDIAN FOR PLAINTIFF GLEN BEATY |
| v. | |
| CITY OF FRESNO, JERRY DYER, individually and in his official capacity, JEFFREY GROSS, individually and in his official capacity, and SCOTT PAYN, individually and in his official capacity, | |
| Defendants. | |

Plaintiff Glen Beaty filed this civil rights action on September 23, 2009.  (Doc. 1.) Defendants were served on September 25, 2009, and by subsequent stipulation, Defendants were granted an additional sixty (60) days from the October 19, 2009, order, within which to file their pleadings.  (Docs. 9-12, 14.)

On November 6, 2009, Plaintiff filed a Petition for Appointment of David M. Hadden, M.D., Fresno County Public Guardian as Guardian ad Litem on Behalf of Plaintiff Glen Beaty pursuant to Probate Code section 1003.  (Doc. 15.)  Defendants have not filed any papers.

1

*The Petition*

Counsel for Plaintiff Russell D. Cook petitions this Court, pursuant to California Probate Code section 1003, to appoint Fresno County Public Guardian David M. Hadden. M.D., as guardian ad litem for Plaintiff.  Mr. Cook declares that Plaintiff is currently receiving psychiatric care at Metropolitan State Hospital in Norwalk, California, following a commitment order issued by Fresno County Superior Court Judge H. Sanderson on July 2, 2009.  (Doc. 15, ¶ 6.)  The Fresno County Superior Court ruled Plaintiff incompetent in its criminal proceeding, *People v. Glen Theodore Beaty*, case number CF04906297; the proceedings were suspended and Beaty was committed to Atascadero State Hospital pursuant to California Penal Code section 1370, for a period not to exceed three years.  (Doc. 15, ¶ 7 & Ex. A.)  Mr. Cook declares that the commitment resulted from a psychiatric evaluation of Beaty, and asks this Court take judicial notice of the Fresno County Superior Court's minute order reflecting same.

With particular regard to the appointment of Fresno County Public Guardian David M. Hadden, M.D., Cook declares he requested several individuals act as Beaty's guardian ad litem, including relatives of Plaintiff, yet none would consent to act in that capacity.  (Doc. 15 at 3.) Dr. Hadden would not voluntarily agree to act in the capacity of guardian, yet advised Mr. Cook that he would abide by any order of this Court appointing the public guardian to act as guardian ad litem of Plaintiff.  (Doc. 15 at 3.)

Moreover, the petition requests this Court to enter an order entitling the appointed public guardian to reimbursement "at the rate of $96.00 per hour for time spent by individuals within the[] department in connection with the prosecution of this case and that the payment will be out of any settlement or judgment."  (Doc. 15 at 4.)

*Discussion*

Rule 17(b)(1) of the Federal Rules of Civil Procedure provides that capacity to sue "for an individual who is not acting in a representative capacity [is determined] by the law of the individual's domicile."  *See also Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir.

1997).  Counsel for Beaty relies upon California Probate Code section 1003 in support of his position, which provides, in pertinent part:

> (a) The court may, on its own motion or on request of a personal representative, guardian, conservator, trustee, or other interested person, appoint a guardian ad litem at any stage of a proceeding under this code to represent the interest of any of the following persons, if the court determines that representation of the interest otherwise would be inadequate:
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
> (2) An incapacitated person.
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
> (c) The reasonable expenses of the guardian ad litem, including compensation and attorney's fees, shall be determined by the court and paid as the court orders, either out of the property of the estate involved or by the petitioner or from such other source as the court orders.

This single statutory reference is the extent of legal authority provided in the petition.  At first blush, it certainly appears Beaty's capacity to sue is in question where he has been committed to Atascadero State Hospital for a period not to exceed three years in the criminal proceeding pending before the Fresno County Superior Court.  Yet it is less clear- given the nature of the suit filed with this Court - whether the public guardian should be appointed to act as guardian for purposes of this suit.  In other words, the instant proceeding is a civil proceeding rather than a probate action, thus, California Probate Code section 1003 appears inapplicable.  Notably too, it would appear that California Code of Civil Procedure section 372 applies in this circumstance.

Additionally, it is noted this action was filed on September 23, 2009, nearly three months after Beaty had been declared incompetent in the state proceedings.  (Doc. 15, Ex. A [7/2/09].)  Local Rule 17-202(a) provides, in pertinent part: "Upon commencement of an action . . . by or on behalf of a minor or incompetent person, the attorney representing the . . . incompetent person shall present (1) appropriate evidence of the appointment of a representative for the . . . incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court . . . ."  (Emphasis added.)  It is unclear why counsel has waited nearly two months to file this request that a guardian be appointed when counsel was aware of Beaty's mental status in July 2009.

1      Moreover, no authority has been provided for counsel's request that "the Public
2 Guardian shall be entitled to be reimbursed at the rate of $96.00 per hour for time spent by
3 individuals within their [*sic*] department in connection with the prosecution of this case and that
4 the payment will be out of any settlement or judgment." (Doc. 15 at 4.)
5      In sum, the bare bones pleading presented to this Court is insufficient, and as a result, the
6 Court DENIES the petition without prejudice.
7      Should counsel for Beaty wish to move this Court again for appointment of the public
8 guardian as guardian ad litem for Glen Beaty, the following issues will need to be adequately
9 addressed and briefed, including citation to relevant legal authorities: (1) the applicability of
10 California Probate Code sections 1003, 1003.5, 2900 et seq., 3600, et seq., and California Code
11 of Civil Procedure section 372, to the instant matter; and (2) legal authority that would permit
12 this Court to grant a *prospective* award of fees to the public guardian following appointment as
13 guardian ad litem, where the funds from which reimbursement are to derive are completely
14 speculative in nature, i.e., merely a future possible settlement and/or judgment, rather than an
15 existing settlement fund or existing trust fund.
16      In the alternative, counsel for Beaty may submit a list of three suitable guardians, along
17 with their contact information, their agreement to serve and a brief explanation of why they
18 would be suitable. In so doing, counsel should perform the appropriate due diligence to ensure
19 against any potential conflict of interest.

     IT IS SO ORDERED.

     Dated:   **November 18, 2009**              **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE