# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN BEATY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF FRESNO, JERRY DYER, individually and in his official capacity, JEFFREY GROSS, individually and in his official capacity, and SCOTT PAYN, individually and in his official capacity,<br><br>　　　　Defendants. | 1:09-cv-1684 LJO GSA<br><br>ORDER GRANTING THE PETITION FOR APPOINTMENT OF DAVID M. HADDEN. M.D. AS PUBLIC GUARDIAN FOR PLAINTIFF GLEN BEATY<br><br>(Documents 18 through 20) |

　　　　Plaintiff Glen Beaty filed this civil rights action on September 23, 2009.  (Doc. 1.) Defendants were served on September 25, 2009, and by subsequent stipulation, Defendants were granted an additional sixty (60) days from the October 19, 2009, order, within which to file their pleadings.  (Docs. 9-12, 14.)  On December 7, 2009, a second stipulation permitted Defendants an additional sixty (60) days, through and until March 5, 2010, within which to file answers to the complaint.  (Doc. 22.)

//

1

On December 4, 2009, Plaintiff filed a second Petition for Appointment of David M. Hadden, M.D., Fresno County Public Guardian, as Guardian ad Litem on Behalf of Plaintiff Glen Beaty. (Doc. 18.) Defendants have not filed any opposition.

***The Petition***

Counsel for Plaintiff Russell D. Cook petitions this Court, pursuant to California Probate Code section 1003 and California Code of Civil Procedure section 372, to appoint Fresno County Public Guardian David M. Hadden. M.D., as guardian ad litem for Plaintiff. Mr. Cook declares that Plaintiff is currently receiving psychiatric care at Metropolitan State Hospital in Norwalk, California, following a commitment order issued by Fresno County Superior Court Judge H. Sanderson on July 2, 2009. (Doc. 20, ¶ 6.) The Fresno County Superior Court ruled Plaintiff incompetent in its criminal proceeding, *People v. Glen Theodore Beaty*, case number CF04906297; the proceedings were suspended and Beaty was committed to Atascadero State Hospital pursuant to California Penal Code section 1370, for a period not to exceed three years. (Doc. 20, ¶ 6 & Ex. B.) Mr. Cook declares that the commitment resulted from a psychiatric evaluation of Beaty, and asks this Court take judicial notice of the Fresno County Superior Court's minute order reflecting same.

With particular regard to the appointment of Fresno County Public Guardian David M. Hadden, M.D., Cook declares he has approached no less than five individuals, including members of Plaintiff's family, to act as Beaty's guardian ad litem, yet none would consent to act in that capacity. Cook declares he would be willing to provide the Court with those individuals identities in an *in camera* hearing if necessary, to protect their privacy. (Doc. 20, ¶ 7.) Cook further declares that he spoke with Michelle Sloan, Division Manager for the Fresno County Public Guardian, and Dr. Hadden himself, about the matter. While Dr. Hadden would not voluntarily agree to act in the capacity of guardian, Cook declares that Dr. Hadden advised him that he would abide by any order of this Court appointing the public guardian to act as guardian ad litem of Plaintiff. (Doc. 20, ¶ 13.)

2

*Discussion*

A plaintiff must have capacity to sue. "Capacity" refers to a party's personal right to litigate in federal court. *See* Fed.R.Civ.P. Rule 17(b). "[A]n incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem - or issue another appropriate order - to protect . . . the incompetent person who is unrepresented in an action." Fed.R.Civ.P. Rule 17(c)(2). Counsel for Beaty relies upon California Probate Code section 1003[1] and California Code of Civil Procedure section 372[2] in support of his position that Plaintiff Glen Beaty be appointed a guardian ad litem

---

[1]California Probate Code section 1003 provides in pertinent part:
  (a) The court may, on its own motion or on request of a personal representative, guardian, conservator, trustee, or other interested person, appoint a guardian ad litem at any stage of a proceeding under this code to represent the interest of any of the following persons, if the court determines that representation of the interest otherwise would be inadequate:
  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
  (2) An incapacitated person.
  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
  (c) The reasonable expenses of the guardian ad litem, including compensation and attorney's fees, shall be determined by the court and paid as the court orders, either out of the property of the estate involved or by the petitioner or from such other source as the court orders.

[2]Subdivision (a) of the California Code of Civil Procedure section 372 reads:
  When a minor, an incompetent person, or a person for whom a conservator has been appointed is a party, that person shall appear either by a guardian or conservator of the estate or by a guardian ad litem appointed by the court in which the action or proceeding is pending, or by a judge thereof, in each case. A guardian ad litem may be appointed in any case when it is deemed by the court in which the action or proceeding is prosecuted, or by a judge thereof, expedient to appoint a guardian ad litem to represent the minor, incompetent person, or person for whom a conservator has been appointed, notwithstanding that the person may have a guardian or conservator of the estate and may have appeared by the guardian or conservator of the estate. The guardian or conservator of the estate or guardian ad litem so appearing for any minor, incompetent person, or person for whom a conservator has been appointed shall have power, with the approval of the court in which the action or proceeding is pending, to compromise the same, to agree to the order or judgment to be entered therein for or against the ward or

in the form of the Fresno County Public Guardian David M. Hadden, M.D.  As counsel's petition explains, Plaintiff is currently being treated at Metropolitan State Hospital in Norwalk, California, after the Honorable Houry Sanderson declared him to be incompetent in the related criminal proceedings in Fresno County Superior Court, case number CF04906297.  Notably too, Defendants have not objected to appointment of a guardian ad litem.

Thus, in order to litigate the instant matter, a guardian must be appointed to represent Plaintiff's interests.  *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *U.S. v. 30.64 Acres of Land, More or Less, Situated in Klickitat County, State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986) (noting, in part, that absence of guardian ad litem effectively precludes the possibility of a binding contract of settlement because of the incompetency of one of the parties).  Representation by an attorney is not sufficient to satisfy the requirements of Rule 17(c) of the Federal Rules of Civil Procedure.  *U.S. v. 30.64 Acres of Land, More or Less, Situated in Klickitat County, State of Wash.*, 795 F.2d at 806.

California Probate Code section 1003.5 provides that "[t]he public guardian shall not be appointed as a guardian ad litem . . . unless the court, after reasonable notice and inquiry, finds that no other qualified person is willing to act as a guardian ad litem."  Here, counsel has declared that he has approached "no less than five (5) individuals, three of which either knew Mr. Beaty or were family members, about their willingness to act as a guardian ad litem," yet none would agree to so act.  (Doc. 20, ¶ 7.)  Counsel further indicated that he has attempted to locate a party willing to act as Plaintiff's guardian since over the course of several months, but was ultimately unsuccessful until the public guardian agreed to act in that capacity were it ordered by

---

conservatee, and to satisfy any judgment or order in favor of the ward or conservatee or release or discharge any claim of the ward or conservatee pursuant to that compromise. Any money or other property to be paid or delivered pursuant to the order or judgment for the benefit of a minor, incompetent person, or person for whom a conservator has been appointed shall be paid and delivered as provided in Chapter 4 (commencing with Section 3600) of Part 8 of Division 4 of the Probate Code.

this Court to do so. (Doc. 20, ¶ 8.) Thus, the Court finds that because no other qualified person is willing to act as Plaintiff's guardian ad litem in these proceedings, it is proper to appoint the public guardian, subject to his acknowledgment and acceptance of the appointment.

Finally, this Court makes no orders regarding compensation of the public guardian as no such request has been made in the instant motion. Moreover, such a request would appear premature at this time.

**ORDER**

In light of the foregoing, this Court

1. **GRANTS** the motion or petition for appointment of guardian ad litem filed on behalf of Plaintiff Glen Beaty;

2. **APPOINTS** David M. Hadden, M.D., Public Guardian of Fresno County, as guardian ad litem for Plaintiff Glen Beaty, subject to Dr. Hadden's voluntary acceptance and acknowledgment of the appointment in writing, including the fact this Court has made no order concerning payment of any fees or costs incurred by the Fresno County Public Guardian related to its appointment; and

3. **DIRECTS** Plaintiff's counsel to file with the Court Dr. Hadden's written voluntary acceptance and acknowledgment of his appointment as guardian ad litem of Plaintiff Glen Beaty within fourteen (14) days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **January 21, 2010**           /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE