# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN BEATY, | 1:09-cv-1684 LJO GSA |
| Plaintiff, | ORDER GRANTING THE PETITION FOR APPOINTMENT OF BRIAN K. CUTTONE AS GUARDIAN AD LITEM FOR PLAINTIFF GLEN BEATY |
| v. | |
| CITY OF FRESNO, JERRY DYER, individually and in his official capacity, JEFFREY GROSS, individually and in his official capacity, and SCOTT PAYN, individually and in his official capacity, | (Documents 36-38 & 43-45) |
| Defendants. | |

Plaintiff Glen Beaty filed this civil rights action on September 23, 2009.  (Doc. 1.) Defendants were served on September 25, 2009, and by subsequent stipulations, Defendants were granted additional time within which to file their responsive pleadings.  (*See* Docs. 9-12 & 14, 23, 30.)

On February 19, 2010, counsel for Plaintiff filed a Petition for Appointment of Brian K. Cuttone, Esq., as Guardian ad Litem on Behalf of Plaintiff Glen Beaty.  (Doc. 36.)  Defendants have not opposed the petition.

1

1

***The Petition***

2

Counsel for Plaintiff Russell D. Cook petitions this Court, pursuant to California Probate

3

Code section 1003 and California Code of Civil Procedure section 372, to appoint attorney Brian

4

K. Cuttone as guardian ad litem for Plaintiff.  Mr. Cook has indicated that Plaintiff is currently

5

receiving psychiatric care at Metropolitan State Hospital in Norwalk, California, following a

6

commitment order issued by the Fresno County Superior Court.  (Doc. 36 at 3; *see also* Doc. 43.)

7

As of February 1, 2010, doctors at the psychiatric facility reported that Plaintiff remains

8

incompetent.  (Doc. 43.)

9

Mr. Cook contacted several individuals in his efforts to identify a guardian for Plaintiff,

10

including Plaintiff's family members and individuals who have known him for many years.

11

None would agree to act as Plaintiff's guardian.  (Doc. 36 at 3.)  Mr. Cook declares he contacted

12

local attorney Brian K. Cuttone regarding the potential for appointment.  Mr. Cuttone expressed

13

his willingness to act as Plaintiff's guardian.  (Doc. 37, ¶ 8; *see also* Doc. 38, ¶ 4.)

14

At a status conference held February 24, 2010, wherein counsel for all parties appeared,

15

the Court indicated to Mr. Cook that additional information was necessary prior to any

16

appointment.  The Court was troubled that Mr. Cook did not explain and/or address the fact that

17

he and Mr. Cuttone have the same business address and telephone number: a potential conflict of

18

interest.  Mr. Cook advised that while he and Mr. Cuttone share office space, they do not share

19

business profits.  The Court directed both Mr. Cook and Mr. Cuttone to file declarations

20

explaining their business/legal relationship with one another.  (*See* Doc. 41.)  On March 2, 2010,

21

both Mr. Cook and Mr. Cuttone filed declarations indicating their business arrangement is

22

"simply sharing the expenses of the rental [space], copier, receptionist and other related

23

expenses," and that neither shares a profit with the other.  (Docs. 45-45.)

24

***Discussion***

25

A plaintiff must have capacity to sue.  "Capacity" refers to a party's personal right to

26

litigate in federal court.  *See* Fed.R.Civ.P. Rule 17(b).  "[A]n incompetent person who does not

27

28

have a duly appointed representative may sue by a next friend or by a guardian ad litem.  The court must appoint a guardian ad litem - or issue another appropriate order - to protect . . . the incompetent person who is unrepresented in an action." Fed.R.Civ.P. Rule 17(c)(2).  Counsel for Beaty relies upon California Probate Code section 1003[1] and California Code of Civil Procedure section 372[2] in support of his position that Plaintiff Glen Beaty be appointed a guardian ad litem in the form of attorney Brian K. Cuttone.

Plaintiff is currently being treated at Metropolitan State Hospital in Norwalk, California, after he was declared incompetent in the related state criminal proceedings.  Thus, in order to litigate the instant matter, a guardian must be appointed to represent Plaintiff's interests.  *See*

[1]California Probate Code section 1003 provides in pertinent part:
    (a) The court may, on its own motion or on request of a personal representative, guardian, conservator, trustee, or other interested person, appoint a guardian ad litem at any stage of a proceeding under this code to represent the interest of any of the following persons, if the court determines that representation of the interest otherwise would be inadequate:

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

    (2) An incapacitated person.

[2]Subdivision (a) of the California Code of Civil Procedure section 372 reads:
    When a minor, an incompetent person, or a person for whom a conservator has been appointed is a party, that person shall appear either by a guardian or conservator of the estate or by a guardian ad litem appointed by the court in which the action or proceeding is pending, or by a judge thereof, in each case.  A guardian ad litem may be appointed in any case when it is deemed by the court in which the action or proceeding is prosecuted, or by a judge thereof, expedient to appoint a guardian ad litem to represent the minor, incompetent person, or person for whom a conservator has been appointed, notwithstanding that the person may have a guardian or conservator of the estate and may have appeared by the guardian or conservator of the estate. The guardian or conservator of the estate or guardian ad litem so appearing for any minor, incompetent person, or person for whom a conservator has been appointed shall have power, with the approval of the court in which the action or proceeding is pending, to compromise the same, to agree to the order or judgment to be entered therein for or against the ward or conservatee, and to satisfy any judgment or order in favor of the ward or conservatee or release or discharge any claim of the ward or conservatee pursuant to that compromise. . . .

1  *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *U.S. v. 30.64 Acres of Land,*

2  *More or Less, Situated in Klickitat County, State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986)

3  (noting, in part, that absence of guardian ad litem effectively precludes the possibility of a

4  binding contract of settlement because of the incompetency of one of the parties).

5  Representation by an attorney is not sufficient to satisfy the requirements of Rule 17(c) of the

6  Federal Rules of Civil Procedure. *U.S. v. 30.64 Acres of Land, More or Less, Situated in*

7  *Klickitat County, State of Wash.*, 795 F.2d at 806.

8        The Court is aware of counsel's numerous efforts to identify and obtain a guardian ad

9  litem for Plaintiff.  Most recently, Mr. Cuttone expressed a willingness to "represent the best

10  interests of Mr. Beaty."  (Doc. 38, ¶ 4.)  Following consideration of all the related pleadings, and

11  the oral representations made at the status conference of February 24, 2010, the Court is satisfied

12  that Mr. Cuttone understands the duties, obligations and responsibilities of a guardian ad litem,

13  and further, that he will perform those duties and obligations accordingly.

14        Notably, this Court makes no orders regarding compensation of the guardian ad litem as

15  such a request is premature.  (*See* Doc. 38, ¶ 5 & Doc. 44, ¶ 5.)

16  **ORDER**

17        In light of the foregoing, this Court

18  1.      **GRANTS** the petition for appointment of guardian ad litem filed on behalf of

19          Plaintiff Glen Beaty (Doc. 36); and

20  2.      **APPOINTS** Brian K. Cuttone, Esq., as guardian ad litem for Plaintiff Glen Beaty.

21

22  IT IS SO ORDERED.

23  **Dated:    March 4, 2010**              **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28                                    4