IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN BEATY, | Case No. 1:09-cv-01684 LJO JLT |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THE PETITION FOR THE APPROVAL OF A COMPROMISE OF A CLAIM BE GRANTED IN PART AND DENIED IN PART |
| vs. | |
| CITY OF FRESNO, et al., | |
| Defendants. | (Doc. 62) |

Pending before the Court is Plaintiff's petition, by and through his guardian ad litem, for the approval of a compromise of a claim. The matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Rules 302 and 303. For the reasons set forth below, the undersigned recommends that the petition be granted in part and denied in part.

**I.    BACKGROUND**

This civil action is brought against Defendants seeking damages for violations of 42 U.S.C. § 1983; Article I, Sections 7 and 13 of the California Constitution; California Civil Code Section 52.1; and California tort law. (Doc. 2, Compl., at 2, 6-10.) Plaintiff is currently receiving psychiatric care at Metropolitan State Hospital in Norwalk, California, following a commitment order issued by the Fresno County Superior Court. (Doc. 46 at 2.) Thus, by order filed March 5, 2010, U.S. Magistrate Judge Gary S. Austin appointed Brian K. Cuttone, Esq., as guardian ad litem to represent the interests of Plaintiff in this action. (Id. at 4.) Plaintiff is also represented by counsel.

1

On August, 24, 2010, Plaintiff, by and through his guardian ad litem, petitioned the Court for the approval of a compromise of a claim. (Doc. 62.) Under the proposed compromise, Defendants deny all liability for the claims asserted by Plaintiff in his amended complaint. (Id. at 4.) In exchange, Defendants agree to pay Plaintiff the sum of $75,000. (Id.) Of this, $25,000 will be used to pay attorneys fees; $564.39 will cover costs; and $2,120 will pay for past and future fees of the guardian ad litem. (Id. at 5-7.) Plaintiff will receive the remaining balance of $47,315.61. (Id. at 7.) However, the proposed compromise is silent as to what medical expenses, claims, or liens Plaintiff has or will incur.

## II. LEGAL STANDARD

The court has a general duty to protect the interests of incompetents in cases before the court. Garrick v. Weaver, 888 F.2d 687, 693 (10th Cir. 1989). A claim by or against an incompetent person may not be settled or compromised without a court order by the assigned judge who approves the settlement or compromise. Local Rule 17-202(b). The party moving for approval of the compromise must provide the court "such . . . information as may be required to enable the Court to determine the fairness of the settlement or compromise . . . ." Local Rule 17-202(b)(2) & (c).

In considering the fairness of a compromise of an incompetent person's claims, federal courts are generally guided by state law. See Schwarzer, Tashima & Wagstaffe, California Practice Guide: *Federal Civil Procedure Before Trial* § 15:138 (2009). In California, court approval is required before a settlement or compromise of the claim of an incompetent person is enforceable. See Cal. Prob. Code §§ 2504, 3600-12; Cal. Code Civ. Proc. § 372. Any petition for the approval of a compromise under California Code of Civil Procedure section 372 must also comply with the requirements of California Rules of Court 7.950, 7.951, and 7.952. Cal. Rules of Court, Rule 3.1384(a).

## III. ANALYSIS

The petition in this case adequately sets forth the information required under Local Rule 17-202(b)-(c) and California Rules of Court 7.950, 7.951, and 7.952. According to the petition: Plaintiff is a 54-year-old male suing Defendants for personal injuries arising from his arrest on February 9, 2009 at Blackstone Avenue and Bullard Avenue in the City of Fresno; Plaintiff suffered superficial blows to the body and bruising to his face; and none of these injuries required extensive or permanent medical treatment. (Doc. 62 at 2-4.) The petition also identifies: the attorneys and the guardian ad litem

representing Plaintiff by name, address, and bar number; the terms of the retainer agreement between Plaintiff and his attorneys; and whether the attorneys are employed by another party or have received any compensation outside of that requested in the petition. (Id. at 1, 7; Doc. 62-1, Ex. A.)  Finally, the petition is verified by the petitioner. (Doc. 62 at 8.)

Turning to the terms of the proposed compromise, the undersigned finds that a settlement of $75,000, given the facts and circumstances of this case, is fair, reasonable, and in the best interests of Plaintiff.  Furthermore, the undersigned finds that the fees and costs to be paid out of the settlement proceeds are reasonable.  As indicated above, the amount of attorneys fees sought in this case is thirty-three percent of the award ($25,000) plus costs ($564.39). (Doc. 62 at 6.)  In addition, the fees sought by the guardian ad litem for past and future services total $2,120. (Id. at 6-8.)  Based on the detailed itemization provided by the attorneys in connection with this petition (Docs. 62-1, 62-2 & 68), the undersigned concludes that the deduction of $27,684.39 in fees and costs is both fair and reasonable. See Cal. Prob. Code § 3601.

The final matter to be resolved is the disbursement of the settlement funds, particularly the $47,315.61 balance due to Plaintiff.  It has come to the undersigned's attention that Plaintiff owes $32,000 in outstanding medical expenses to the Department of Behavior Health, Fresno County and will likely incur additional, considerable expense as a result of his current stay at Metropolitan State Hospital. The Court therefore has strongly encouraged Plaintiff's attorneys to seek appointment of a conservator of Plaintiff's estate and, as appropriate, the creation of a special needs trust.  Though the Court held three hearings, primarily to address this topic, in the end, the Fresno County Public Guardian declined to accept this role voluntarily.[1,2]

Accordingly, the Court is unable to disburse the balance of the settlement funds ($47,315.61) to the Fresno County Public Guardian as requested in the petition.  Rather, all the settlement funds,

---

[1] On January 10, 2011, counsel for the Public Guardian of Fresno County appeared voluntarily before the Court. She explained that the chief role the Public Guardian would play in these circumstances would be to pay Plaintiff's housing expenses. However, according to counsel, Plaintiff's history of mental illness and perpetual homelessness obviates any benefit from this service.

[2] However, the Public Guardian indicated that in the event that a petition was filed in Fresno County Superior Court's Probate Division, pursuant to California Probate Code § 2920(c) seeking its appointment as the conservator of Plaintiff's estate, that agency would be unlikely to oppose appointment.

3

including those proceeds due to Plaintiff, will be disbursed in accordance with the terms of the settlement agreement reached by the parties.

### IV. CONCLUSION

In accordance with the above, it is **HEREBY RECOMMENDED** that the petition to approve a compromise of a claim be **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The disbursement of the balance of the settlement proceeds ($47,315.61) to the Fresno County Public Guardian on behalf of Plaintiff be **DISAPPROVED**;
2. The petition to approve a compromise of a claim be **APPROVED** in all other respects; and,
3. The settlement funds be disbursed in accordance with the terms of the settlement agreement reached by the parties.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review these findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 14, 2011**                                    /s/ Jennifer L. Thurston
                                                                  UNITED STATES MAGISTRATE JUDGE