IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN BEATY,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CITY OF FRESNO, et al.,<br><br>　　　　Defendants. | Case No. 1:09-cv-01684 LJO JLT<br><br>FINDINGS AND RECOMMENDATIONS GRANTING IN PART AND DENYING IN PART DISBURSEMENT OF SETTLEMENT PROCEEDS<br>(Doc. 75)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br>(Doc. 84) |

Pending before the Court is Plaintiff's motion for disbursement of the settlement proceeds. (Doc. 75) The matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Rules 302 and 303. For the reasons set forth below, the undersigned recommends that the petition be granted in part and denied in part.

I.  **BACKGROUND**

The underlying action raised claims of civil rights violations under 42 U.S.C. § 1983 and state law. (Doc. 2 at 2, 6-10.) The Court approved settlement of the matter a year ago on February 10, 2011.[1] (Doc. 73) At that time, the Court ordered that the settlement funds be disbursed in accordance with the terms of the settlement agreement reached by the parties." Id. at 4.

Nevertheless, on April 7, 2011, Plaintiff's counsel petitioned the Court for disbursement of the

---

[1] Notably, at the time of the settlement, Plaintiff was receiving psychiatric care at Metropolitan State Hospital in Norwalk, California, following a commitment order issued by the Fresno County Superior Court. (Doc. 46 at 2.)

1

settlement funds. (Doc. 75) In that petition, counsel sought payment of fees and costs which were previously approved and payment of about $4,500 to the Fresno County Public Guardian. (Doc. 75 at 2) Counsel requested that the balance of the funds, approximately $43,000, be used to purchase an annuity for Plaintiff. Id. Counsel asserted that Mr. Beaty would open a bank account and payments from the annuity would be deposited directly into the account for Plaintiff's use. Id. at 4.

Over the next couple of months, the Court held several status conferences on this matter on May 23, 2011, May 25, 2011 and June 27, 2011. (Docs. 78, 80, 83) One purpose for these conferences was to inquire whether counsel had determined whether Plaintiff's receipt of the settlement proceeds–whether in an annuity or otherwise–would make him ineligible for the public benefits upon which he relied.[2] Once it was confirmed that it would, the Court directed counsel to evaluate whether creating a special needs trust or other mechanism that would allow Plaintiff to remain eligible for his public benefit, should be sought.

At the final conference on June 27, 2011, counsel reported that they were not seeking to establish a special needs trust for various reasons. Thus, the Court directed counsel to provide a supplemental motion explaining their proposed plan for disbursement of the funds. (Doc. 83)

On February 8, 2012[3], counsel filed the supplemental motion. (Doc. 86) In it, counsel reported that a special needs trust was not feasible because they had been unable to find a person willing to act as the trustee. (Doc. 86-1 at 2) Moreover, though they considered seeking the appointment of the Fresno County Public Guardian to act as the trustee for the special needs trust, they were informed that this would result in most, if not all, of Plaintiff's settlement proceeds being used to repay the liens created by Plaintiff's recent mental health hospitalization, his previous receipt of publicly provided medical care and his ongoing receipt of public benefits. Id. Thus, counsel recommended that the settlement proceeds be deposited into Mr. Cook's trust account. Id. at 2-3. The plan would be for counsel to spend the nearly all of the money immediately on such items as clothing, health and dental care, and other

---

[2] This issue had been raised by the Court first in the proceedings related to the compromise, settling the matter. (Doc. 72 at

[3] Due to the delay in counsel filing the supplemental motion, on February 1, 2012, the Court issued them an order to show cause why sanctions should not be imposed or to file the supplement within 10 days. (Doc. 84) In light of the February 8, 2012 filing, the order to show cause is **DISCHARGED**.

2

incidentals to improve Plaintiff's daily living situation. Id. at 2-3. Counsel's report that they believe that spending the money as quickly as possible is necessary to minimize the amount of time that Plaintiff would be ineligible for public benefits. Id. Counsel affirmed that they had met with Plaintiff and he agreed with this plan and, indeed, desired it.[4] Id. at 3.

## II.   LEGAL STANDARD

The court has a general duty to protect the interests of incompetents in cases before the court. Garrick v. Weaver, 888 F.2d 687, 693 (10th Cir. 1989);, (c).

> Whenever money or property is recovered on behalf of a minor or incompetent person, the money or property will be (1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor or incompetent person.

Local Rule 202(e).

Generally, federal courts are required to act according to state law when issuing orders related to settlement of the cases of an incompetent. See Schwarzer, Tashima & Wagstaffe, California Practice Guide: *Federal Civil Procedure Before Trial* § 15:138 (2009). Notably, under California law, settlement proceeds may be distributed for an incompetent in a number of ways. (Cal. Prob. Code 3611) One method is to distribute settlement proceeds to the incompetent is with payment to the conservator of incompetent's estate, to a special needs trust or other trust, into an insured, blocked account with a financial institution or in a single premium annuity, or to the incompetent himself, for example.

Here, the Court finds that a special needs trust would best serve Plaintiff's interests. Cal. Prob. Code 3604. However, counsel report that they have been unable to identify a special needs trustee and admit that they would have to hire counsel to form the trust because they do not have experience in this area of law. Counsel do not report that they have spoken to any professional, private fiduciaries but, presumably, they have done so given their own fiduciary responsibility to Plaintiff. Finally, it appears that neither of Plaintiffs' attorneys is willing to act in this capacity and, apparently, neither is Mr.

---

[4] Counsel has not indicated whether currently Plaintiff is entitled to receive medical and dental care through publicly sponsored sources, such as MediCal. Also, there is no analysis as to what amount of money, if any, Mr. Beaty could retain from the settlement proceeds before his eligibility for public benefits is jeopardized. There is no analysis as to the effort needed or the process involved in restoring Plaintiff's public benefits once they are terminated. Likewise, the Court has no information as to whether Plaintiff is cognitively able to mange this restorative process or what counsel's plan would be for him to obtain assistance in this regard.

Cuttone, Plaintiff's guardian ad litem.

On the other hand, counsel's plan of spending Plaintiff's money for him cannot be condoned by the Court. With this plan, there is no process by which the propriety of purchases could be reviewed or accounted for, there is no provision for a bond to protect Plaintiff from malfeasance and no intention to provide him the interest earned on the money over the time that counsel holds it. Though the Court has no reason to believe that counsel intends anything other than furthering Plaintiff's interests, due to these defects and because this plan is not consistent with law (Cal. Prob. Code 3011), the Court will not recommend this plan.

Though the Court is gravely concerned about the proceeds being delivered to Mr. Beaty in light of his ongoing and significant need for the public benefits that he receives, it appears that there is no other legally viable plan at this time.[5] Cal. Prob. Code 3011.

## III.    CONCLUSION

In accordance with the above, it is **HEREBY RECOMMENDED** that the petition for disbursement of funds be **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The recommended disbursement to the Fresno County Public Guardian be **DENIED**;
2. The recommended disbursement to Pacific Life and Annuity Company be **DENIED**;
3. All remaining settlement funds ($47, 315.61), after payment of the costs and fees previously approved, be **DISBURSED** to Plaintiff;

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review these findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(c).

///

///

---

[5] Even still, Mr. Beaty may call upon his counsel for assistance in purchasing items for his care and well-being.

1    The parties are advised that failure to file objections within the specified time may waive the
2    right to appeal the district judge's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4    IT IS SO ORDERED.

5    Dated:   **February 16, 2012**                                                 **/s/ Jennifer L. Thurston**
                                                                                UNITED STATES MAGISTRATE JUDGE