1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GLEN BEATY,                          )   Case No. 1:09-cv-01684 LJO JLT
                                          )
12              Plaintiff,                )   ORDER ADOPTING FINDINGS AND
                                          )   RECOMMENDATIONS GRANTING IN
13        vs.                             )   PART AND DENYING IN PART
                                          )   DISBURSEMENT OF SETTLEMENT
14   CITY OF FRESNO, et al.,              )   PROCEEDS
                                          )
15              Defendants.               )   (Doc. 87)
                                          )
16   _____)

17        Pending before the Court is Plaintiff's motion for disbursement of the settlement proceeds. (Doc.

18   75)

19        The underlying action raised claims of civil rights violations under 42 U.S.C. § 1983 and state

20   law. (Doc. 2 at 2, 6-10.) The Court approved settlement of the matter a year ago on February 10, 2011.

21   (Doc. 73)  At that time, the Court ordered that the settlement funds be disbursed in accordance with the

22   terms of the settlement agreement reached by the parties." Id. at 4.

23        Nevertheless, on April 7, 2011, Plaintiff's counsel petitioned the Court for disbursement of the

24   settlement funds.  (Doc. 75) The matter was referred to the Magistrate Judge to issue findings and

25   recommendations.  On February 16, 2012, the Magistrate Judge recommended that the petition for

26   disbursement of the settlement proceeds be denied in part and granted in part. (Doc. 87)

27        The Magistrate Judge determined that a special needs trust would best serve Plaintiff's interests.

28   Cal. Prob. Code 3604.  The Court here agrees that the special needs trust would allow Plaintiff to

1

1  maintain the funds and his needed public benefits at the same time.  However, the Magistrate Judge

2  noted that counsel had been unable to locate a person willing to act as a trustee and they did not express

3  a willingness to take on this role.

4         On the other hand, the Magistrate Judge recommended that the request that the funds be

5  distributed to counsel be and that counsel be permitted to use it to buy clothing and medical care for

6  Plaintiff be denied.  The Magistrate Judge determined that this was not consistent with California law.

7  In particular, the Magistrate Judge was concerned that the plan proposed by counsel provided "no

8  process by which the propriety of purchases could be reviewed or accounted for, there [was] no

9  provision for a bond to protect Plaintiff from malfeasance and [there was] no intention to provide him

10  the interest earned on the money over the time that counsel holds it."  (Doc. 87 at 4) Likewise, the

11  Magistrate Judge expressed concern that

12      Counsel has not indicated whether currently Plaintiff is entitled to receive medical and
    dental care through publicly sponsored sources, such as MediCal. Also, there is no

13      analysis as to what amount of money, if any, Mr. Beaty could retain from the settlement
    proceeds before his eligibility for public benefits is jeopardized. There is no analysis as

14      to the effort needed or the process involved in restoring Plaintiff's public benefits once
    they are terminated. Likewise, the Court has no information as to whether Plaintiff is

15      cognitively able to manage this restorative process or what counsel's plan would be for
    him to obtain assistance in this regard.

16

17  (Doc. 87 at 3 n. 4)

18         Though the Magistrate Judge expressed "grave concerns" about the proceeds being delivered to

19  Mr. Beaty "in light of his ongoing and significant need for the public benefits that he receives," the

20  Magistrate Judge concluded that there was "no other legally viable plan at this time." The Court agrees.

21  Cal. Prob. Code 3011.

22         Though the parties were granted 14 days within which to file objections, none were filed.

23  Therefore, in accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and Britt v. Simi Valley

24  United School Dist., 708 F.2d 452, 454 (9th Cir. 1983), this Court has conducted a *de novo* review of the

25  case. Having carefully reviewed the entire file, the Court finds that the findings and recommendation

26  are supported by the record and by proper analysis.

27         Accordingly, IT IS HEREBY ORDERED that:

28      1.    The amended findings and recommendations filed February 16, 2012, are **ADOPTED**

1          **IN FULL;**

2      2.     The recommended disbursement to the Fresno County Public Guardian is **DENIED**;

3      3.     The recommended disbursement to Pacific Life and Annuity Company is **DENIED**;

4      4.     All remaining settlement funds ($47,315.61), after payment of the costs and fees

5             previously approved, are **DISBURSED** to Plaintiff;

6      5.     Because this order concludes this case, the Clerk of the Court is DIRECTED to close this

7             matter.

8          IT IS SO ORDERED.

9   **Dated:     March 1, 2012**                              **/s/ Lawrence J. O'Neill**
                                                        UNITED STATES DISTRICT JUDGE